JOHN H. NICHOLS v. H. J. TURNER ET AL.

ACT 97 O. L. 138, REPEALING PROVISION FOR REMOVING PARTITION FENCES, AND RE-ENACTING AND AMENDING OTHER PROVISIONS OF FENCE LAW REQUIRES AD-JOINING OWNERS TO BUILD PARTITION FENCES.

Under the act of April 18, 1904 (97 O. L. 138; Rev. Stat. 4239-4243d; Lan. 7003-7014), owners of adjoining lands are required to build and maintain in good repair all partition fences between them in equal shares unless otherwise agreed upon between them in writing; although such lands may not be inclosed with fences.

[Syllabus by the court.]

APPEAL from Portage common pleas court.

**J. H. Nichols** and **A. S. Cole,** for plaintiff.

**E. W. Maxson** and **D. B. Wolcott,** for defendants.

COOK, J.

This action [J. H. Nichols v. H. J. Turner and J. N. Turner and D. D. Davis, J. B. Stewart and D. P. Shilliday, Tr.] is upon appeal and is for the purpose of obtaining an injunction to restrain the Turners

and the board of township trustees from requiring plaintiff to build
and maintain a partition fence between the lands of plaintiff and de-
fendants, Turners.

The evidence shows that at one time there was a partition fence
between these lands, now owned by plaintiff and the Turners, but that
it had gone into decay and is now entirely worthless as a fence; that
the lands of plaintiff is practically uninclosed; that no stock of any
consequence has been kept upon the farm for several years; that while
a tenant has been upon the farm, yet he had but a horse, a cow or
two and a couple of hogs which were kept in an inclosure about the
house.

The evidence further shows that about ten years ago plaintiff
gave notice to the then owner of the Turner farm, under Rev. Stat.
4241 (Lan. 7008; repealed 97 O. L. 141), that he would remove his
part of the fence between their farms, as he had no further use for it;
he intending to abandon all fences upon his farm.

There is no claim but what the proceedings before the township
board of trustees was in all particulars regular.

Under these circumstances plaintiff claims that he should not be
required to build and keep in repair any part of the fence between his
farm and that of Turners' for three reasons:

First. That his land is uninclosed.

Second. That he gave due notice that he would remove his part
of the partition fence and would not longer continue to keep any part
of it in repair.

Third. The act under which the proceeding was had before the
township trustees is unconstitutional.

As to the first and second claims, it will be observed that the act
of April 18, 1904 (97 O. L. 138), made a radical change in the fence
laws of the state. Previously the law provided (Rev. Stat. 4240; Lan.
7007) that:

"The owners or lessees for one or more years of lands inclosed
with fences, shall keep up and maintain in good repair all partition
fences between their own and the next adjoining inclosures, in equal
shares, so long as both parties continue to occupy or improve the
same."

By Rev. Stat. 4241 (Lan. 7008) it was provided:

"When the inclosures of two or more persons are divided by a
partition fence of any kind, and either of the parties think proper to
vacate his part of such inclosure, or to make a lane or passage between
such adjoining inclosures, such person may remove his share or part

Nichols v. Turner.

of such partition fence, on giving six months' notice in writing of such intention, to the party owning or occupying the adjoining inclosure, or his agent, if such party is not a resident of the county."

By the act of April 18, 1904, both of these sections are repealed and so far as the question here involved, Rev. Stat. 4239 (Lan. 7003), as amended, took their place. That section now provides:

"The owners of adjoining lands shall build, keep up and maintain in good repair all partition fences between them in equal shares, unless otherwise agreed upon between them, which agreement must be in writing and witnessed by two persons."

The evident intent and purpose of the legislature by the new law was to require all owners of adjoining lands, whether inclosed or not, to make and maintain one-half of the fences between them. This is especially apparent from the fact that the law now applies to the owners of the land alone, lessees being eliminated; and the further fact that in order to be relieved from the requirements of the statute there must be an agreement in writing, signed by the adjacent owners in the presence of two witnesses, so that there may not be any misunderstanding as to the liability of the parties. Further, the repeal of Rev. Stat. 4241 (Lan. 7008), taking away the power of either party to remove his part of the fence, is important as tending to show that inclosure or noninclosure should thereafter not have any effect and that thereafter there should be no devils' lanes. Whether this material change in the law is salutary or not it is not for us to inquire. Its tendency no doubt will be to keep down controversies and litigation between neighbors as they will now know precisely what their exact rights and liabilities are. The changing of the law so that it applies to all owners will have very little effect, as there is now very little unimproved land in this state, and no doubt that had some effect in prompting the change.

As to the third claim of plaintiff we do not see how the change in any manner affects the statute as to its constitutionality, and as the fence law, substantially the same in its provisions, has been incorporated in our law for nearly eighty years and has been before our Supreme Court time and time again without any question being made as to its constitutionality, and further, as the counsel for plaintiff does not show us in what respect it is unconstitutional, we leave that matter without further comment.

Judgment for defendants dismissing the petition of plaintiff at his costs.

**Burrows** and **Laubie, JJ.,** concur.